UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| CAPITOL PREFERRED<br>INSURANCE COMPANY | CIVIL ACTION |
| VERSUS | NO. 20-1484 |
| MYRNA PADILLA AND<br>JOHN RANNA | SECTION M (5) |

## ORDER & REASONS

Before the Court is a motion by plaintiff Capitol Preferred Insurance Company ("CPIC") for summary judgment seeking a declaration that defendant John Ranna's CPIC homeowner's insurance policy excludes animal liability coverage and thus defendant Myrna Padilla's damages claims arising out of an attack by Ranna's dog are not covered.[1] The motion was set for submission on October 22, 2020. Local Rule 7.5 of the United States District Court for the Eastern District of Louisiana requires that a memorandum in opposition to a motion be filed no later than eight days before the noticed submission date, which in this case was October 14, 2020. Neither Ranna nor Padilla has filed a memorandum in opposition to the motion.

Accordingly, because the motion for summary judgment is unopposed, and it appearing to the Court that the motion has merit,[2]

---

[1] R. Doc. 10.

[2] CPIC filed this declaratory judgment action seeking a judicial declaration that Ranna's CPIC homeowner's insurance policy does not cover Padilla's claims related to an attack by Ranna's dog. R. Doc. 1. Ranna and Padilla are neighbors. Ranna has two dogs, a German shepherd and a pit bull, who from time to time have escaped his yard. *Id.* at 3. Padilla filed an action in Louisiana state court against Ranna and his unknown insurance company alleging that Ranna's pit bull attacked her in her own home. *Id.* at 3-4. Ranna had a homeowner's insurance policy with CPIC that was effective at the time of the alleged dog attack. *Id.* at 4. The policy includes an animal liability exclusion that excludes coverage for personal liability, medical payments, and property damage caused by any animal owned or kept by an insured. *Id.* at 5; R. Doc. 10-3 at 38. Under Louisiana law, an insurance policy, like any other contract, is construed according to the general rules of contract interpretation set forth in the Louisiana Civil Code. *Cadwallader v. Allstate Ins. Co.*, 848 So. 2d 577, 580 (La. 2003). Contracts are interpreted to determine "the common intent of the parties." *Id.* (citations omitted). "Words and phrases used in an insurance policy are to be construed using their plain, ordinary and generally prevailing meaning, unless the words have acquired a technical meaning." *Id.* (citations omitted). Thus, clear and unambiguous policy wording that expresses the parties' intent is enforced as written. *Id.*

IT IS ORDERED that CPIC's motion for summary judgment (R. Doc. 10) is GRANTED.

New Orleans, Louisiana, this 22nd day of October, 2020.

                                                BARRY W. ASHE
                                                UNITED STATES DISTRICT JUDGE

---

"[T]he insurer has the burden of proving the applicability of a coverage exclusion." *Hampton v. Lincoln Nat'l Life Ins. Co.*, 445 So. 2d 110, 113 (La. App. 1984). "The determination of whether a contract is clear or ambiguous is a question of law." *Cadwallader*, 848 So. 2d at 580. Here, in an endorsement attached to the policy, the policy unambiguously excludes coverage for the alleged dog attack. *See Reid v. Sweetwater Campground, Ranch & Stables, LLC,* 2010 WL 4273092, at *3-4 (La. App. Oct. 29,2010) (enforcing insurance policy's animal liability exclusion as clear and unambiguous); *Landry v. Hamilton*, 610 So. 2d 214, 217 (La. App. 1992) (a policy endorsement that is attached to the policy is enforceable even if it is not signed by the insured). Therefore, CPIC has no duty to defend or indemnify Ranna for Padilla's claims. *See Crabtree v Hayes-Dockside, Inc.*, 612 So. 2d 249, 251 (La. App. 1992) ("Although the duty of an insurer to defend is broader than the question of liability, when an exclusion is applicable as a matter of law (*i.e.*, no coverage), there is no duty to defend.") (citation omitted). As such, CPIC is entitled to summary judgment granting its requested declaration.